

CV21950412   117988375

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| TREASA KENNEDY<br>8482 Vera Drive<br>Broadview Hts., OH 44147 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>) | COMPLAINT |
| v. | ) | (Jury Demand Endorsed Hereon) |
| CITY OF CLEVELAND<br>601 Lakeside Avenue East<br>Cleveland, OH 44114 | )<br>)<br>)<br>) | |
| Defendant. | ) | |

FILED JUL 26 2021 Clerk of Courts Cuyahoga County, Ohio

Plaintiff, Treasa Kennedy (hereinafter referred to as "Kennedy" or "Plaintiff"), by and through counsel, institutes this action pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* (hereinafter referred to as "FMLA") and states the following as her Complaint against the City of Cleveland (hereinafter referred to as "the City" or "Defendant"):

1. Kennedy has over 24 years of dedicated service to the City's Police Department and is currently a Lieutenant. She is a resident of Cuyahoga County, Ohio. At all times relevant herein, Kennedy was an "eligible employee" in the "employ" of the City as defined in the FMLA. The City is an "employer" as defined in the FMLA and conducts business in Cuyahoga County, Ohio.

2. On March 26, 2012, Kennedy was seriously injured while attempting to apprehend a male who had committed multiple violent felonies. She was able to restrain the man, but suffered injuries to her left knee, including sprain of left knee; fracture upper end tibia closed; condoyle injury left knee lower leg; chondromalacia patella, left; plica syndrome; and

medial meniscus tear.

3. On July 19, 2013, Kennedy underwent arthroscopic surgery with chondroplasty and debridement. Subsequent to the surgery, Kennedy was able to return to work as a Sergeant with the City's Police Department. She was promoted in October 2016 to Lieutenant. She worked full duty without complications or significant restrictions from her 2012 workplace injury, for which a workers' compensation claim exists (BWC Claim No. 12-314762).

4. Unfortunately, however, around January 2018 Kennedy began to experience problems with the left knee, most notably pain, which caused her to be placed on hazardous duty injury (HDI) leave beginning in February 2018. Her knee problems are a "serious health condition" as defined in the FMLA, as recognized by the City when it put Kennedy on HDI leave. The City never offered, or placed, Kennedy on FMLA leave despite notice of her serious health condition.

5. Instead, the City kept Kennedy on HDI leave for the maximum period, after which she was required to use her available paid time off ("PTO"), until approximately June 1, 2019. During her leave she had two genicular nerve blocks in June and September 2018 administered by Dr. David Ryan of Southwest General Hospital, which alleviated much of her knee pain and discomfort. Dr. Ryan advised Kennedy that in a few months if the pain returned then she should undergo a radio frequency ablation which he believed would finally resolve her knee issues.

6. On March 20, 2019, the City, outside of the BWC process, and while still not placing Kennedy on FMLA leave, required Kennedy to submit to an independent medical exam by Richard Krupkin, M. D. for an evaluation of her fitness for duty. Dr. Krupkin's March 20, 2019 IME report is full of inaccuracies, including that Kennedy self-reported she was unable to

perform many of the job requirements necessary to be a police officer. That is false. Kennedy never stated any such thing to Dr. Krupkin. In fact, Dr. Krupkin was not at all interested in Kennedy providing him with background information concerning her injury. Nor was he interested in listening to her about how she was able to perform her job satisfactory for the last six (6) years since the workplace injury. Finally, Dr. Krupkin's physical examination, which was conducted without a chaperone, lasted no more than three (3) minutes.

7. On April 17, 2019, Kennedy underwent the radio frequency ablation (RFA) recommended by Dr. Ryan. This procedure, after rehabilitation, successfully resolved Kennedy's pain problems with her left knee.

8. On or about June 1, 2019, Kennedy's HDI pay was exhausted. Consequently, she had to use her accrued paid time off, including sick pay, until she was allowed to return to full duty.

9. On June 10, 2019, Kennedy's treating physician, Todd S. Hochman, M.D. submitted a Medco-14 (Physician Report of Work Ability) in Kennedy's BWC claim indicating that she no longer had any physical or health restrictions related to the left knee and could return to full duty without restrictions as of June 19, 2019. The City ignored Dr. Hochman's report and refused to allow her to return to full duty, thereby interfering with, and denying her rights under the FMLA.

10. Since the City ignored her treating physician's recommendation that she could return to full duty without restriction, Kennedy began consistently requesting the City schedule a second IME to show that after the April 17, 2019, RFA she could return to full duty without restrictions. Eventually, the City scheduled Kennedy to be examined by Dr. Paresh Arora for a second IME on whether she could return to full duty without restrictions.

11. On July 24, 2019, Kennedy did submit to the second IME. Dr. Arora felt that Kennedy was physically capable of returning to full duty work without restrictions. Yet the City still refused to reinstate Kennedy to full duty, once again interfering with, and denying her rights under the FMLA.

12. Consequently, on August 28, 2019, the City required Kennedy to submit to an functional capacity exam (FCE) by Edward Aube, PT, DPT. Like Drs. Hochman and Arora, Aube also found that Kennedy was able to return to full duty with no work restrictions as a Police Lieutenant in the City's Police Department. The City still refused to permit Kennedy to return to work, once again interfering with, and denying her rights under the FMLA.

13. Instead, on September 16, 2019, Kennedy returned to the City's Police Department Medical Unit Clinic ("the Clinic") to meet with Dr. Perse. Dr. Perse, despite reviewing the results of the FCE, still refused to allow Kennedy to return to full duty. Dr. Perse noted that despite the FCE findings, Aube had suggested Kennedy continue with eight (8) physical therapy (PT) sessions. Kennedy responded that she could easily attend the PT sessions in the morning or early afternoon so as not to interfere with her night shift tour of duty hours. Nonetheless, Dr. Perse, on behalf of the City, still refused to return her to full duty, once again interfering with, and denying her rights under the FMLA.

14. On October 2, 2019, Kennedy returned to the Clinic to meet with Dr. Perse again. Kennedy explained that she had completed four (4) PT sessions and they were going "great". She told Dr. Perse that the PT should be completed by mid-October. Dr. Perse told Kennedy, "I'm going to be quite frank with you, you have been one of my most cooperative and compliant patients. I know we have delayed your return and put you through the ringer and that you have been trying to come back to duty for months now. From the bottom of my heart I'm sorry". Dr.

Perse than told Kennedy that she would not even allow her to return on restricted duty. Instead, Dr. Pearse told Kennedy she only had three options, which she termed the "Three R's: return to full duty, retire or resign".

15. Kennedy refused to quit, retire, or resign. Instead she continued with her PT. On October 10, 2019, Kennedy completed her sixth session of PT and Aube had her perform another functional testing to measure her ability to perform her jobs. The results of this second FCE were reported by Aube on October 11, 2019. Just like the first FCE on August 28, Kennedy demonstrably showed that she could more than meet the physical requirements of her job as a Cleveland police officer. In fact, Aube's October 11, 2019 report concludes that: "[Kennedy] demonstrates symmetrical usage of her lower extremities and showed no sign of left lower extremity instability or buckling during functional testing." Nonetheless, the City still refused to return her to full duty, once again interfering with, and denying her rights under the FMLA.

16. On October 18, 2019, Kennedy's counsel sent a letter to the City demanding that she be immediately returned to full duty as required by the FMLA and the paid time off, including sick pay, she had to use since June 1, 2019, be credited back to her paid time off account.

17. On or about October 19, 2021, the City returned Kennedy to full duty. However, the City failed and refused, and continues to fail and refuse, to credit Kennedy with the paid time off, including sick pay, she was forced to use from on or about June 1, 2019 to on or about October 19, 2019, thereby interfering with, and denying her rights under the FMLA.

18. The City's refusal to return Kennedy to full duty is discriminatory, unreasonable, arbitrary, and capricious. Kennedy's treating physician Dr. Hochman notified the City that Kennedy could return to full duty without restrictions on June 19, 2019. On July 24, 2019 Dr.

Arora on behalf of the City found that Kennedy could return to full duty without restrictions. On August 28, 2019 Edward Aube performed and FCE on behalf of the City and determined that Kennedy could return to full duty without restrictions. Aube then conducted a second FCE on October 10, 2019 which further confirmed that Kennedy could return to full duty without restrictions. Yet, each time, the City, refused to return her to full duty, thereby interfering with, and denying her rights under the FMLA

## FIRST CAUSE OF ACTION

19. All the allegations contained in paragraphs 1-18 of the Complaint are hereby re-stated and re-alleged as if fully rewritten herein.

20. By engaging in the above-described acts and omissions, which acts and omissions were intentional, willful, extreme and outrageous, Defendant City has interfered with, restrained, and/or denied Plaintiff the exercise or the attempt to exercise, her rights under the FMLA.

## SECOND CAUSE OF ACTION

21. All the allegations contained paragraphs 1-20 of the Complaint are hereby re-stated and re-alleged as if fully rewritten herein.

22. By engaging in the above-described acts and omissions, which acts and omissions, were intentional, willful, extreme and outrageous, Defendant has retaliated against Plaintiff in violation of the FMLA.

WHEREFORE, Plaintiff respectfully requests that this Court grant her the following relief against Defendant:

1. Compensatory damages sufficient to compensate, credit and/or restore to Plaintiff all the paid time off, including sick pay, she was forced to use from on or about June 1, 2019, to on or about October 19, 2021, because the City refused to reinstate her to full duty.

2. Punitive damages in excess of $25,000.00, the exact amount to be proven at trial; and

3. Pre-judgment and post-judgment interest on damages; and

4. Reasonable attorney fees and costs as provided for under the FMLA; and

5. Such further relief as this Court deems necessary and appropriate.

        CONSOLO LAW FIRM CO., LPA

        /s/ Frank Consolo
        FRANK CONSOLO [0042455]
        HORACE F. CONSOLO [0096571]
        627 West St. Clair Avenue
        Cleveland, OH 44113
        (216) 696-5400 FAX (216) 696-2610
        fconsolo@consololaw.com
        hconsolo@consololaw.com
        *Attorney for Plaintiff Treasa Kennedy*

## JURY DEMAND

Plaintiff, by and through counsel, hereby request a trial by jury on all legal causes of action in the Complaint.

        /s/ Frank Consolo
        FRANK CONSOLO [0042455]